UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**　　　'O'

| Case No. | 2:23-cv-07459-CAS(SKx) | Date | October 23, 2023 |
|---|---|---|---|
| Title | TYLER KEM V. STRIKE ADVISORY, LLC ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Zachary Franklin | Rafael Sanchez |

**Proceedings:** ZOOM HEARING RE: MOTION TO TRANSFER (Dkt. 9, filed on September 15, 2023)

## I.   INTRODUCTION

On July 17, 2023, plaintiff Tyler Kem ("Kem") filed an action against Defendants Strike Advisory, LLC, Ventive, LLC, Jonathan Cardella, and Does 1-50 in the Superior Court of California for the County of Ventura. Dkt. 1. Plaintiff brings claims for (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) unjust enrichment; (4) unfair competition in violation of Business and Professions Code §§ 17200 Et Seq.; (5) retaliation in violation of Labor Code § 1102.5; (6) violation of Labor Code § 98.6 regarding retaliation; (7) wrongful termination in violation of public policy; (8) defamation per se; (9) failure to provide written commission agreement in violation of Labor Code § 2751; (10) failure to timely pay earned commissions in violation of Labor Code § 204; and (11) failure to timely pay final wages upon termination of employment and waiting penalties due to willful delay. Dkt. 1-2 ("Compl.") ¶¶ 41-165. On September 8, 2023, defendants removed the case to this court based on diversity jurisdiction. Dkt. 1.

On September 15, 2023, defendants filed this motion to transfer the case to Idaho. Dkt. 9 ("MTT"). On October 2, 2023, plaintiff filed his opposition. Dkt. 10 ("Opp."). On October 11, 2023, defendants filed their reply. Dkt. 11 ("Reply"). On October 13, 2023, plaintiff filed an objection to evidence and argument that defendants raised in reply. Dkt. 12 ("Obj.").

On October 23, 2023, the Court held a hearing.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                'O'

| Case No. | 2:23-cv-07459-CAS(SKx) | Date | October 23, 2023 |
|---|---|---|---|
| Title | TYLER KEM V. STRIKE ADVISORY, LLC ET AL. | | |

Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II. BACKGROUND

### A. Parties

Plaintiff Tyler Kem is a resident of Ventura County, California. Compl. at 1. He was employed by defendant Strike Advisory and defendant Ventive in Ventura, California from March 2020 – May 2023. Id.

Defendant Strike Advisory, LLC and Ventive, LLC are both Idaho LLCs doing business in Ventura, California, with their principal place of business in Boise, Idaho. Id. Defendant Jonathan Cardella ("J. Cardella") is Strike Advisory's Co-Founder and CEO as well as Ventive's Co-Founder and Chairman. Id. He is a resident of Boise, Idaho. Id. Sarah Cardella ("S. Cardella") is also a co-founder of Strike Advisory and Ventive; she and J. Cardella are the majority shareholders of both companies. Id. at 2.

Plaintiff is informed and believes that Does 1-50 are corporations, individuals, LLPs, limited liability companies, general partnerships, sole proprietorships, or other business entities or organizations of a nature not currently known to plaintiff. Id.

### B. Factual Background

Plaintiff is the founder of Visionary Tax, LLC. Id. In November of 2019, Visionary Tax, LLC and Strike Advisory entered into a consulting agreement. Id.

In March 2020, plaintiff and Strike Advisory agreed that plaintiff would become an employee of Strike Advisory but did not execute a written contract. Id. at 3. In May 2020, plaintiff began his employment as Strike Advisory's co-founder and vice president. Id. Strike Advisory and Ventive were plaintiff's joint employers, and the parties had an oral compensation agreement that included a commission component. Id.

In November 2021, the parties signed an Executive Employment Agreement and backdated the agreement to March 2020. This agreement promoted plaintiff to president, changed the compensation provision, eliminated the commission component, and restructured the equity component of the agreement. Id. Plaintiff would be paid based on a new compensation package tied to the company's gross income. Id. at 4-5. The agreement also included the following provisions:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:23-cv-07459-CAS(SKx) | Date | October 23, 2023 |
|---|---|---|---|
| Title | TYLER KEM V. STRIKE ADVISORY, LLC ET AL. | | |

Governing Law. This agreement shall be construed and enforced according to the laws of the State of Idaho.

Governing Law; Consent to Personal Jurisdiction. This Agreement will be governed by and construed according to the laws of the State of Idaho as such laws are applied to agreements entered into and to be performed entirely within Idaho between residents of Idaho. I hereby expressly consent to the Personal Jurisdiction and venue of the state and federal courts located in Idaho for any lawsuit filed there against me by Company arising [from] or related to this Agreement. MTT at 11.

In September 2022, plaintiff and Strike Advisory executed an Amended Executive Employment Agreement (the "Amended Agreement") which modified several terms of plaintiff's employment, including his compensation. Id. at 5. The new agreement tied plaintiff's compensation to Strike Advisory's gross income and EBITDA. Id. The Amended Agreement contained the same "Governing Law" and "Consent to Personal Jurisdiction" provisions as the prior agreement. MTT at 11.

In March of 2023, Strike Advisory reached an EBITDA of 23% for the trailing twelve months. Id. at 6. Pursuant to the Amended Agreement, plaintiff was entitled to a salary increase to $300,000 after the company reached this benchmark. Id.

On April 3, 2023, plaintiff notified J. Cardella that plaintiff was entitled to a pay increase and attached supporting documentation to his email. Id. Defendants allegedly began fraudulently manipulating Strike Advisory's financial documents to make Strike Advisory appear less profitable and show that the company had not reached the metrics triggering plaintiff's pay increase. Id. at 6-7. In particular, defendants created a new expense category called "Litigation Reserves" to lower Strike Advisory's EBITDA. Id. at 7. On April 25, 2023, Strike Advisory also added J. Cardella to its payroll. Id. On May 1, 2023, S. Cardella instructed Strike Advisory's Chief of Staff to place J. Cardella on an annual salary of $200,000, which increased Strike Advisory's liability and lowered its EBITDA.

On the same day, S. Cardella emailed plaintiff Strike Advisory's financial documents which showed that Strike Advisory's EBITDA had decreased to 10% for the trailing twelve months. Id. Plaintiff reviewed the financial documents and found that defendants had significantly overstated their income statement and unlawfully double

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**           **'O'**

| Case No. | 2:23-cv-07459-CAS(SKx) | Date | October 23, 2023 |
|---|---|---|---|
| Title | TYLER KEM V. STRIKE ADVISORY, LLC ET AL. | | |

counted partner referral fees. Id. He reported the overstatement of fees to defendants. Id.

On May 17, 2023, plaintiff again contacted defendants inquiring about his salary increase and reporting the unlawful double counting. Id. at 8. On March 18, 2023, J. Cardella responded to plaintiff's email saying he disagreed with plaintiff's analysis. Id. In this email to plaintiff, S. Cardella, and Strike Advisory's chief of staff, J. Cardella allegedly accused plaintiff of misrepresenting and fraudulently falsifying Strike Advisory's financials. Id. The parties subsequently exchanged a few additional emails. Id.

On May 23, 2023, Strike Advisory terminated plaintiff's employment effective immediately. Id.

### III. LEGAL STANDARD

In deciding a motion to transfer, the Court must consider the following three factors: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interests of justice. 28 U.S.C. § 1404(a); see Los Angeles Mem'l Coliseum Comm'n v. NFL, 89 F.R.D. 497, 499 (C.D. Cal. 1981).

In analyzing the "interests of justice," a number of factors are relevant, including the following: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof. Stewart Org. v. Ricoh Corp., 487 U.S. 22, 29-30 (1988); Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000). Other factors that can be considered are: the enforceability of the judgment; the relative court congestion in the two forums; and which forum would better serve judicial economy. 17 Moore's Federal Practice § 111.13[1][c] (3d ed. 1997).

However, "[s]ubstantial weight is accorded to the plaintiff's choice of forum, and a court should not order a transfer unless the 'convenience' and 'justice' factors set forth

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 2:23-cv-07459-CAS(SKx) | Date | October 23, 2023 |
|---|---|---|---|
| Title | TYLER KEM V. STRIKE ADVISORY, LLC ET AL. | | |

above weigh heavily in favor of venue elsewhere." Catch Curve, Inc. v. Venali, Inc., 2006 U.S. Dist. LEXIS 96379, *3-4 (C.D. Cal. 2006)

The party seeking to transfer venue bears the burden of showing that convenience and justice require transfer. Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 278-279 (9th Cir. 1979); Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986) ("The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum."). The decision to transfer lies within the sound discretion of the trial judge. See Sparling v. Hoffman Constr. Co., 864 F.2d 635, 639 (9th Cir. 1988).

## IV. DISCUSSION

### A. Forum Selection Clause

Defendants argue that plaintiff is bound by both the forum selection clause and choice of law provision in the Amended Agreement. Defendants claims that they "intend[] to file various counterclaims against Plaintiff for breach of his duties during his time as Strike's President," and therefore, "in accordance with the forum selection clause present in this matter, it is only proper that this Court transfer the matter to the Federal District Courts in Idaho." Id. at 11-12.

The parties dispute the applicability of California Labor Code § 925(a), which provides that:

> [a]n employer shall not require an employee who primarily resides and works in California, as a condition of employment, to agree to a provision that would do either of the following: (1) [r]equire the employee to adjudicate outside of California a claim arising in California [or] (2) [d]eprive the employee of the substantive protection of California law with respect to a controversy arising in California." Cal. Lab. Code §925(a).

Defendants argue that § 925 does not apply because it "requires a showing of fraud or deceit on behalf of the employer to take advantage of the employee via the forum selection clause, or that the acceptance of the . . . clause was a 'condition of employment' for the employee to accept his employment." MTT at 12. Defendants claim neither condition is satisfied here. Specifically, they argue that the forum selection clause could not have been a condition of plaintiff's employment because he "was employed by Strike

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**         'O'

| Case No. | 2:23-cv-07459-CAS(SKx) | Date | October 23, 2023 |
|---|---|---|---|
| Title | TYLER KEM V. STRIKE ADVISORY, LLC ET AL. | | |

[for 18 months] before[] any written contractual agreement was signed by both Parties." Id. at 13.

In opposition, plaintiff argues that Section 925 does not impose a fraud requirement, and that Courts "have routinely extended the broad protection of section 925 to contracts modified after the plaintiff began their employment." Opp. at 8. Additionally, he contends that "[m]ere inclusion of the forum selection provision in an employment contract is a condition of employment for purposes of applying § 925." Id. at 5-6.

In reply, defendants argue that an exclusion to § 925 applies. Section 925(3) states that:

> This section shall not apply to a contract with an employee who is in fact individually represented by legal counsel in negotiating the terms of an agreement to designate either the venue or forum in which a controversy arising from the employment contract may be adjudicated or the choice of law to be applied. Cal. Lab. Code § 925(e).

Defendants argue that, prior to signing the Amended Agreement, plaintiff "retained counsel to review the [Amended Agreement] and negotiate its terms." Reply at 3. They cite communications between plaintiff and another employee where plaintiff stated "I am not signing anything until my attorneys tell me its ok . . . I am still waiting to hear back from the folks I retained last week." Id. at 4. Additionally, defendants argue that the "condition of employment" requirement requires a case-by-case analysis of the facts. Id. at 5.

Plaintiff filed an objection to evidence that plaintiff was represented by counsel, as such evidence was presented for the first time in defendant's reply. Obj. at 1.

The Court finds that Section 925 does not preclude enforcement of the forum selection clause in this action. Section 925 reflects "California['s] strong public policy [of] protect[ing] its employees from unfair and deceptive business practices." Lang v. Skytap, Inc., 347 F. Supp. 3d 420, 429 (N.D. Cal. 2018). It furthers this goal by preventing employers from requiring employees to sign forum selection clauses as a "condition of employment."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     **'O'**

| Case No. | 2:23-cv-07459-CAS(SKx) | Date | October 23, 2023 |
|---|---|---|---|
| Title | TYLER KEM V. STRIKE ADVISORY, LLC ET AL. | | |

However, plaintiff was not a mere employee. He initially served as Strike Advisory's co-founder and vice president and later became president of the company. Compl. at 3. He negotiated various components of his initial contract including "the compensation provision, . . . the commission component, and . . . the equity component of the agreement." Compl. at 3. He also retained lawyers to review the terms of the Amended Agreement prior to signing the contract, potentially invoking Section 925's exception. Given plaintiff's powerful position in the company and his ability to negotiate terms in his contract, it cannot be said that the forum selection clause was a "condition of [his] employment."

Accordingly, the text of the contract governs. The Court finds that Idaho law applies to this action, as the choice of law provision dictates that "[t]his Agreement will be governed by and construed according to the laws of the State of Idaho." MTT at 1. However, the alleged forum selection clause does not require plaintiff to bring suit in Idaho. Rather, plaintiff "consent[e]d to the [p]ersonal [j]urisdiction and venue of the state and federal courts located in Idaho for *any lawsuit filed there against me by [defendant]* arising [from] this Agreement." Id. (emphasis added). As a result, the contract does not require transfer of this action to Idaho.

### B.   Section 1404(a)

In the alternative, defendants argue that the Court should transfer this action to Idaho pursuant to 28 U.S.C. § 1404(a). They argue that plaintiff's choice of forum should not be given significant weight because of the forum selection clause and because plaintiff directed communications towards Idaho and not California. MTT at 14-15. They also argue that all of the defendants, as well as "the individuals with whom Plaintiff interacted and reported to during his employment with Strike, were located in Boise, Idaho, or another state outside of California." Id. at 15. Similarly, "any evidence of the alleged fraudulent acts committed by Strike or one of its employees, would exist in Boise, Idaho." Id. Defendants contend that Idaho law applies in this action and that California has little interest in an action "involv[ing] alleged fraudulent acts that . . . occurred in Boise, Idaho, by a citizen of Idaho." Id. at 16.

In opposition, plaintiff argues he is entitled to deference for his choice of forum because he worked for defendants while residing in California. Thus, "[h]aving chosen to do business here and to maintain a workforce here, Defendants must . . . be subject to the jurisdiction of California courts." Opp. at 10. Plaintiff also contends that the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**        'O'

| Case No. | 2:23-cv-07459-CAS(SKx) | Date | October 23, 2023 |
|---|---|---|---|
| Title | TYLER KEM V. STRIKE ADVISORY, LLC ET AL. | | |

convenience of the parties and witnesses favors venue in California because "the majority . . . , if not all, party witnesses or witnesses are employed by Strike Advisory and/or Ventive" and may be "compel[le]d to testify at trial, regardless of forum." Id. at 11. He alleges that technological advances would provide easy access to evidence that is in Idaho and claims that California law applies because all of his "causes of action[] arise under California statutes or California common law." Id. at 11-12. He argues that California has a greater interest in adjudicating his claims, given the state's interest in "enforcing its employment and labor laws to protect its residents, including those who work for companies headquartered out of state." Id. Finally, he argues there are no actions pending in Idaho that this action could be consolidated with, and notes that court congestion is a "neutral factor" in this case. Id at 13.

     Plaintiff also requests attorneys' fees because defendants allegedly brought this motion in bad faith. Id. at 14. Specifically, he argues that defendants brought this motion even after plaintiff raised his Section 925 defense during a prior meet and confer.

     In reply, defendants make many of the same arguments as in their initial motion. They additionally argue that "California no longer has interest in litigating this matter" because the Section 925(e) exception applies. Reply at 9. They also reaffirm that they "intend[] to file various counterclaims against Tyler Kem" in Idaho, which this case could be consolidated with. Id. Finally, they argue that plaintiff is not entitled to attorneys' fees because defendant had informed plaintiff that Section 925 did not apply to this action and received no response. Id. at 9-10.

     The Court finds that the relevant factors weigh against transfer. It is a longstanding principle that a "plaintiff's choice [of forum] deserves substantial deference." Piper Aircraft Co. v. Reyno, 454 U.S. 235, 424 (1981). The degree of deference may depend on the extent of "both[] defendant's business contacts with the chosen forum and[] plaintiff's contacts." Pac. Car & Foundry Co. v. Pence, 403 F.2d 949, 954 (9th Cir. 1968). Here, both parties have extensive contacts with California. Defendants hired plaintiff to fill an executive position at their company and explicitly recognized that plaintiff would work from an "office in the Los Angeles metro area." Opp. at 10. Plaintiff alleges that defendants have "hired other Californian residents" as well. Id. Additionally, plaintiff's counsel represented during oral argument that plaintiff worked in California for the entire duration of his employment with defendants. Based on these contacts, plaintiff's choice of forum in California is entitled to substantial deference.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     **'O'**

| Case No. | 2:23-cv-07459-CAS(SKx) | Date | October 23, 2023 |
|---|---|---|---|
| Title | TYLER KEM V. STRIKE ADVISORY, LLC ET AL. | | |

While the convenience of witnesses is said to be the most important factor when assessing a transfer motion, "the convenience of a litigant's employee witnesses are entitled to little weight because litigants are able to compel their employees to testify at trial, regardless of forum." Skyriver Tech. Sols., LLC v. OCLC Online Computer Libr. Ctr., Inc., No. C 10-03305 JSW, 2010 WL 4366127, at *3 (N.D. Cal. Oct. 28, 2010). Here, both parties agree that the vast majority, if not all, of the relevant witnesses are defendants' employees. While defendants named a few non-employee witnesses located in Idaho during oral argument, they did not dispute that the most important witnesses are either named defendants or employees of the defendant companies.[1] Accordingly, the Court gives little weight to this factor.

The remaining factors are neutral. The convenience to the parties is split, as plaintiff is a California resident, but defendants are Idaho residents. Ease of access to evidence is less relevant given the availability of technology that can aid in electronically transferring evidence. There are currently no pending claims in Idaho, although defendants allegedly intend to file counterclaims in Idaho court. Both parties concede that court congestion and time to trial are neutral factors.

The Court finds that, altogether, the relevant factors weigh against transfer.

**V.    CONCLUSION**

In accordance with the foregoing, the Court **DENIES** defendant's motion to transfer to the United States District Court for the District of Idaho.

IT IS SO ORDERED.

|  | 00 : 32 |
|---|---|
| Initials of Preparer | CMJ |

---

[1] Defendants filed a supplement brief listing several non-employee witnesses they plan on calling. Dkt. 14. However, they do not allege that any of these witnesses were directly involved in the underlying dispute over Strike's financial documents and plaintiff's pay raise.