UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL                                  'O'

| Case No. | 2:23-cv-07459-CAS (SKx) | Date | March 4, 2024 |
|---|---|---|---|
| Title | TYLER KEM V. STRIKE ADVISORY, LLC ET AL. | | |

Present: The Honorable **CHRISTINA A. SNYDER**

| Catherine Jeang | Deborah Parker | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:
Azin Valafar
Zachary Franklin

Attorneys Present for Defendants:
Rafael Sanchez

Proceedings:     MOTION TO DISMISS FOR INSUFFICIENT SERVICE AND FOR LACK OF PERSONAL JURISDICTION (Dkt. 27, filed on January 22, 2024)

## I.     INTRODUCTION

Presently before the Court is defendant Ventive, LLC ("Ventive") and defendant Jonathan Cardella's (collectively the "Moving Defendants") motion to dismiss for insufficient service pursuant to Rule 12(b)(5) and for lack of personal jurisdiction pursuant to Rule 12(b)(2). Dkt. 27 ("MTD").

On July 17, 2023, plaintiff Tyler Kem ("Kem") filed an action against Defendants Strike Advisory, LLC ("Strike Advisory" or "Strike"), Ventive, Jonathan Cardella, and Does 1-50 in the Superior Court of California for the County of Ventura. Dkt. 1. Plaintiff brings claims against all defendants for (1) breach of the implied covenant of good faith and fair dealing; (2) retaliation in violation of Labor Code § 1102.5; and (3) failure to timely pay final wages upon termination of employment and waiting penalties due to willful delay. Dkt. 1-2 ("Compl.") ¶¶ 41-165. He brings additional claims against Strike Advisory and Ventive for (4) breach of contract; (5) unjust enrichment; (6) unfair competition in violation of Business and Professions Code §§ 17200 Et Seq.; (7) violation of Labor Code § 98.6 regarding retaliation; (8) wrongful termination in violation of public policy; (9) failure to provide written commission agreement in violation of Labor Code § 2751; and (10) failure to timely pay earned commissions in violation of Labor Code § 204. Id.  He also brings an additional claim against Jonathan Cardella for (11) defamation per se. Id.  On September 8, 2023, defendants removed the case to this court based on diversity jurisdiction. Dkt. 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:23-cv-07459-CAS (SKx) | Date | March 4, 2024 |
|---|---|---|---|
| Title | TYLER KEM V. STRIKE ADVISORY, LLC ET AL. | | |

On September 15, 2023, defendants filed a motion to transfer the case to Idaho. Dkt. 9. On October 23, 2023, the Court denied defendants' motion to transfer. Dkt. 15.

On January 22, 2024, the Moving Defendants filed the instant motion to dismiss. Dkt. 27. On February 12, 2024, plaintiff filed an opposition. Dkt. 30 ("Opp."). On February 19, 2024, the Moving Defendants filed a reply in support of their motion to dismiss. Dkt. 33 ("Reply").

On March 4, 2024, the Court held a hearing. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

**II.   BACKGROUND**

Plaintiff alleges the following facts in his complaint.

**A.   Parties**

Plaintiff Tyler Kem is a resident of Ventura County, California. Compl. at 1. He was allegedly employed by defendant Strike Advisory and defendant Ventive in Ventura, California from March 2020 – May 2023. Id.

Defendant Strike Advisory, LLC and Ventive, LLC are both Idaho LLCs doing business in Ventura, California, with their principal place of business in Boise, Idaho. Id. Defendant Jonathan Cardella ("J. Cardella") is Strike Advisory's Co-Founder and CEO as well as Ventive's Co-Founder and Chairman. Id. He is a resident of Boise, Idaho. Id. Sarah Cardella ("S. Cardella") is also a co-founder of Strike Advisory and Ventive; she and J. Cardella are the majority shareholders of both companies. Id. at 2.

Plaintiff is informed and believes that Does 1-50 are corporations, individuals, LLPs, limited liability companies, general partnerships, sole proprietorships, or other business entities or organizations of a nature not currently known to plaintiff. Id.

**B.   Factual Background**

Plaintiff is the founder of Visionary Tax, LLC. Id. In November of 2019, Visionary Tax, LLC and Strike Advisory entered into a consulting agreement. Id.

In March 2020, plaintiff and Strike Advisory agreed that plaintiff would become an employee of Strike Advisory but did not execute a written contract. Id. at 3. In May 2020, plaintiff began his employment as Strike Advisory's co-founder and vice president.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:23-cv-07459-CAS (SKx) | Date | March 4, 2024 |
|---|---|---|---|
| Title | TYLER KEM V. STRIKE ADVISORY, LLC ET AL. | | |

Id. Strike Advisory and Ventive were plaintiff's joint employers, and the parties had an oral compensation agreement that included a commission component. Id.

In November 2021, the parties signed an Executive Employment Agreement and "backdated the agreement to March 2020." Id. This agreement promoted plaintiff to president, changed the compensation provision, eliminated the commission component, and restructured the equity component of the agreement. Id. Plaintiff would be paid based on a new compensation package tied to the company's gross income. Id. at 4-5.

In September 2022, plaintiff and Strike Advisory executed an Amended Executive Employment Agreement (the "Amended Agreement") which modified several terms of plaintiff's employment, including his compensation. Id. at 5. The new agreement tied plaintiff's compensation to Strike Advisory's gross income and EBITDA. Id.

In March 2023, Strike Advisory reached an EBITDA of 23% for the trailing twelve months. Id. at 6. Pursuant to the Amended Agreement, plaintiff was entitled to a salary increase to $300,000 after the company reached this benchmark. Id.

On April 3, 2023, plaintiff notified J. Cardella that plaintiff was entitled to a pay increase and attached supporting documentation to his email. Id. Defendants allegedly began fraudulently manipulating Strike Advisory's financial documents to make Strike Advisory appear less profitable and show that the company had not reached the metrics triggering plaintiff's pay increase. Id. at 6-7. In particular, defendants created a new expense category called "Litigation Reserves" to lower Strike Advisory's EBITDA. Id. at 7. On April 25, 2023, Strike Advisory also added J. Cardella to its payroll. Id. On May 1, 2023, S. Cardella instructed Strike Advisory's Chief of Staff to place J. Cardella on an annual salary of $200,000, which increased Strike Advisory's liability and lowered its EBITDA.

On the same day, S. Cardella emailed plaintiff Strike Advisory's financial documents which showed that Strike Advisory's EBITDA had decreased to 10% for the trailing twelve months. Id. Plaintiff reviewed the financial documents and found that defendants had significantly overstated their income statement and unlawfully double counted partner referral fees. Id. He reported the overstatement of fees to defendants. Id.

///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:23-cv-07459-CAS (SKx) | Date | March 4, 2024 |
|---|---|---|---|
| Title | TYLER KEM V. STRIKE ADVISORY, LLC ET AL. | | |

On May 17, 2023, plaintiff again contacted defendants inquiring about his salary increase and reporting the unlawful double counting. Id. at 8. On March 18, 2023, J. Cardella responded to plaintiff's email saying he disagreed with plaintiff's analysis. Id. In this email to plaintiff, S. Cardella, and Strike Advisory's chief of staff, J. Cardella allegedly accused plaintiff of misrepresenting and fraudulently falsifying Strike Advisory's financials. Id. The parties subsequently exchanged a few additional emails. Id.

On May 23, 2023, Strike Advisory terminated plaintiff's employment effective immediately. Id.

### III. LEGAL STANDARD

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." Omni Capital It'l, Ltd. v. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 104 (1987). "A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or lack of delivery of the summons and complaint." Wasson v. Riverside Cty., 237 F.R.D. 423, 424 (C.D. Cal. 2006) (internal quotation marks and citation omitted). "When a defendant raises a Rule 12(b)(5) challenge to the sufficiency of service of process, the plaintiff bears the burden of proving its adequacy." Beatie and Osborn LLP v. Patriot Scientific Corp., 431 F. Supp. 2d 367, 384 (S.D.N.Y. 2006) (internal quotation marks and citation omitted). On a Rule 12(b)(5) motion, the court "must look to matters outside the complaint to determine whether it has jurisdiction." Darden v. DaimlerChrysler N. Am. Holding Corp., 191 F. Supp. 2d 382, 387 (S.D.N.Y. 2002).

When a plaintiff fails to meet his burden on such a motion, the district court has "broad discretion to dismiss the action or to retain the case but quash the service that has been made on the defendant." 5B Wright & Miller, Federal Practice & Procedure § 1354 (3d ed. Apr. 2015); see Stevens v. Sec. Pac. Nat'l Bank, 538 F.2d 1387, 1389 (9th Cir. 1976) (similar). Despite this discretion, courts have generally held that "dismissal is not appropriate when there exists a reasonable prospect that service can be obtained." Novak v. World Bank, 703 F.2d 1305, 1310 (D.C. Cir. 1983).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                             'O'

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-07459-CAS (SKx) | Date | March 4, 2024 |
| Title | TYLER KEM V. STRIKE ADVISORY, LLC ET AL. | | |

## IV.   DISCUSSION

The Moving Defendants move for dismissal for both insufficient service of process and lack of personal jurisdiction. The Court discusses each issue in turn.

### A.   Service of Process

On August 9, 2023, plaintiff served Yung Stiffler, an "Office Administrator," by means of substituted service at both Ventive's business address and by mail. Dkt. 24 ("POS"). The service by mail was addressed as follows:

VENTIVE, LLC; AN IDAHO LIMITED LIABILITY COMPANY
121 N 9th St Suite 101
Boise, ID 83702-5987

Ventive argues that service was insufficient. It contends that, under California law, a corporation may be served "by delivering a copy of the summons and the complaint to the corporation's designated agent for service of process, . . . the president or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a general manager, or a person authorized by the corporation to receive service of process." MTD at 5 (citing Cal. Civ. Proc. Code § 416.10(a)) (internal quotations omitted). An out-of-state defendant may be served by "mailing a copy of the summons and of the complaint to the person to be served by first-class mail, postage prepaid, requiring a return receipt." Id. (citing Cal. Civ. Proc. Code § 415.40). Ventive asserts that "service addressed and mailed only to a corporation, rather than to a person with authority to accept service on behalf of that corporation, is not substantially compliant with [California's] service requirements." Id. at 5-6 (citing Watts v. Enhanced Recovery Corp., No. 10-CV-02606-LHK, 2010 WL 3448508, at *4 (N.D. Cal. Sept. 1, 2010)).

Ventive claims that Stiffler is not authorized to accept service on Ventive's behalf because she "is a representative and employee of [d]efendant Strike, *not* Ventive." Id. at 6 (emphasis in original). The service by mail was similarly insufficient because it was "incorrectly addressed to a corporate entity and not an individual authorized to receive service (i.e.[,] Sarah Cardella)." Id. at 7. Additionally, Ventive notes that plaintiff failed to attach a return receipt to its filing as required by § 416.10, making it "questionable if the mail sent was ever received by the addressee, Ventive." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:23-cv-07459-CAS (SKx) | Date | March 4, 2024 |
|---|---|---|---|
| Title | TYLER KEM V. STRIKE ADVISORY, LLC ET AL. | | |

In opposition, plaintiff argues that service was "properly effectuated on Ventive through Stiffler . . . because Ventive and Strike Advisory blurred corporate formalities between the two entities." Opp. at 14. Stiffler was allegedly employed by Strike Advisory in January 2022, was moved to Ventive's payroll and assumed the role of chief of staff in April 2022, and was moved back to Strike Advisory's payroll in September 2022. Id. Plaintiff alleges that Stiffler "correspond[ed] with Ventive clients, investors and partners and schedule[ed] Ventive related meetings and calls on behalf of [defendant] Cardella, from his account," and was therefore "a representative of Ventive." Id. Moreover, plaintiff contends that defendants cannot claim prejudice or lack of notice "because [Ventive and Strike Advisory] are closely connected through shared office space and common ownership." Id. at 14-15.

In reply, Ventive again argues that service was not properly effectuated pursuant to California Code Civil Procedure § 416.0(a). Reply at 9-10. It contends that Stiffler was not a representative or employee of Ventive at the time of service in September 2023. Id. at 10. It additionally asserts that "[a]ctual notice of [an] action alone is not a substitute for proper service and is not sufficient to confer jurisdiction." Id. (citing American Express Centurion Bank v. Zara, 199 Cal. App. 4th 383, 392 (2011)).

The Court finds that service on Ventive was insufficient. California Code of Civil Procedure provides three means by which an out-of-state corporation such as Ventive may be served. First, a corporation may be served by delivering a copy of the summons and the complaint to a "designated [] agent for service of process," "the president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process." Cal. Civ. Proc. Code § 416.10. Second, service may be effectuated by substituted service i.e, by delivering the papers to a person who is "apparently in charge of [the corporate entity's] office" and mailing a copy of the papers to the person to be served at the place of delivery. Cal. Civ. Proc. Code § 415.20. Third, an out-of-state corporation may be served by certified mail pursuant to Cal. Code Civ. P. § 415.40. Plaintiff has not complied with any of these rules.

Here, plaintiff delivered copies of the summons, complaint, civil case cover sheet, and notice of case assignment and mandatory appearance to Yung Stiffler, who is described as an "office administrator." POS at 1. The Court finds that service was not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:23-cv-07459-CAS (SKx) | Date | March 4, 2024 |
|---|---|---|---|
| Title | TYLER KEM V. STRIKE ADVISORY, LLC ET AL. | | |

effectuated pursuant to § 416.10 because Stiffler is not Ventive's designated agent for service and does not serve in any of the enumerated roles in § 416.10.[1] Service also was not effectuated pursuant to § 415.20 because, regardless of whether Stiffler was "apparently in charge" of Ventive's office, the post-substituted service mailing was not sent to any persons designated by § 416.10. See Leids v. MetLife Home Loans, No. 09-7016 CAS (RZX), 2009 WL 10673584, at *3 (C.D. Cal. Dec. 7, 2009); see also Wenzoski v. Citicorp, 480 F. Supp. 1056, 1059 (N.D. Cal. 1979) (finding that service is defective if the subsequent mailings under California Civil Code of Procedure § 415.20(a) were not sent to a person designated by California Code of Procedure § 416.10). Instead, the mailing was addressed to Ventive, the corporate entity, itself. POS at 1. Similarly, the Court finds that service by mail was not effectuated pursuant to § 415.40 because the mailing was not directed to a specific individual enumerated in § 416.10. Watts, No. 10-CV-02606-LHK, 2010 WL 3448508, at *4 ("[T]his Court has not found, any case in which a summons addressed only to a corporate entity, not directed by name or by title to an individual listed in § 416.10 and not actually received by such person, has been deemed to substantially comply with the statutory requirements.").

Accordingly, the Court **GRANTS** Ventive's motion to dismiss for insufficient service of process.

**B.    Personal Jurisdiction**

The Moving Defendants also move for dismissal for lack of personal jurisdiction. Because the Court has granted Ventive's motion to dismiss for insufficient service of process, the Court **RESERVES JUDGMENT** as to whether the Court has personal jurisdiction over Ventive and Cardella so that all jurisdictional issues may be resolved together at a later date.

///

///

///

---

[1] Plaintiff's proof of service lists Sarah Cardella as Ventive's agent for service of process. POS at 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 2:23-cv-07459-CAS (SKx) | Date | March 4, 2024 |
|---|---|---|---|
| Title | TYLER KEM V. STRIKE ADVISORY, LLC ET AL. | | |

## V. CONCLUSION

In accordance with the foregoing, the Court **GRANTS** Ventive's motion to dismiss for insufficient service of process. The Court **RESERVES JUDGMENT** as to whether the Court has personal jurisdiction over Ventive and Cardella.

IT IS SO ORDERED.

|  | 00 : 04 |
|---|---|
| Initials of Preparer | CMJ |