UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    'O'

| Case No. | 2:23-cv-07459-CAS-SKx | Date | May 15, 2024 |
|---|---|---|---|
| Title | TYLER KEM V. STRIKE ADVISORY, LLC ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION (Dkt. 43, filed on April 1, 2024)

## I. INTRODUCTION

Presently before the Court is defendant Ventive, LLC ("Ventive") and defendant Jonathan Cardella's (collectively the "Moving Defendants") motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2). Dkt. 43 ("MTD").

On July 17, 2023, plaintiff Tyler Kem ("Kem") filed an action against Defendants Strike Advisory, LLC ("Strike Advisory" or "Strike"), Ventive, Jonathan Cardella, and Does 1-50 in the Superior Court of California for the County of Ventura. Dkt. 1. Plaintiff brings claims against all defendants for (1) breach of the implied covenant of good faith and fair dealing; (2) retaliation in violation of Labor Code § 1102.5; and (3) failure to timely pay final wages upon termination of employment and waiting penalties due to willful delay. Dkt. 1-2 ("Compl.") ¶¶ 41-165. He brings additional claims against Strike Advisory and Ventive for (4) breach of contract; (5) unjust enrichment; (6) unfair competition in violation of Business and Professions Code §§ 17200 Et Seq.; (7) violation of Labor Code § 98.6 regarding retaliation; (8) wrongful termination in violation of public policy; (9) failure to provide written commission agreement in violation of Labor Code § 2751; and (10) failure to timely pay earned commissions in violation of Labor Code § 204. Id. He also brings an additional claim against Jonathan Cardella for (11) defamation per se. Id. On September 8, 2023, defendants removed the case to this court based on diversity jurisdiction. Dkt. 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**　　　'O'

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-07459-CAS-SKx | Date | May 15, 2024 |
| Title | TYLER KEM V. STRIKE ADVISORY, LLC ET AL. | | |

On September 15, 2023, defendants filed a motion to transfer the case to Idaho. Dkt. 9. On October 23, 2023, the Court denied defendants' motion to transfer. Dkt. 15.

On January 22, 2024, the Moving Defendants filed a motion to dismiss for insufficient service of process and lack of personal jurisdiction. Dkt. 27. On March 4, 2024, the Court granted the motion to dismiss for insufficient service of process on Ventive and reserved judgement as to whether the Court has personal jurisdiction over the Moving Defendants. Dkt. 35.

On April 1, 2024, the Moving Defendants filed the instant motion to dismiss for lack of personal jurisdiction. Dkt. 43 ("Mot."). On April 22, 2024, plaintiff filed an opposition. Dkt. 44 ("Opp."). On April 29, 2024, the Moving Defendants filed a reply. Dkt. 46 ("Reply").

On May 15, 2024, the Court held a hearing. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.　BACKGROUND

Plaintiff alleges the following facts in his complaint.

### A.　Parties

Plaintiff Tyler Kem is a resident of Ventura County, California. Compl. at 1. He was allegedly employed by defendant Strike Advisory and defendant Ventive in Ventura, California from March 2020 – May 2023. Id.

Defendant Strike Advisory, LLC and Ventive, LLC are both Idaho LLCs doing business in Ventura, California, with their principal place of business in Boise, Idaho. Id. Defendant Jonathan Cardella ("J. Cardella" or "Cardella") is Strike Advisory's Co-Founder and CEO as well as Ventive's Co-Founder and Chairman. Id. He is a resident of Boise, Idaho. Id. Sarah Cardella ("S. Cardella") is also a co-founder of Strike Advisory and Ventive; she and J. Cardella are the majority shareholders of both companies. Id. at 2.

Plaintiff is informed and believes that Does 1-50 are corporations, individuals, LLPs, limited liability companies, general partnerships, sole proprietorships, or other business entities or organizations of a nature not currently known to plaintiff. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    'O'

| Case No. | 2:23-cv-07459-CAS-SKx | Date | May 15, 2024 |
|---|---|---|---|
| Title | TYLER KEM V. STRIKE ADVISORY, LLC ET AL. | | |

### B.     Factual Background

Plaintiff is the founder of Visionary Tax, LLC. Compl. at 2. In November of 2019, Visionary Tax, LLC and Strike Advisory entered into a consulting agreement. Id.

In March 2020, plaintiff and Strike Advisory agreed that plaintiff would become an employee of Strike Advisory but did not execute a written contract. Id. at 3. In May 2020, plaintiff began his employment as Strike Advisory's co-founder and vice president. Id. Strike Advisory and Ventive were plaintiff's joint employers, and the parties had an oral compensation agreement that included a commission component. Id.

In November 2021, the parties signed an Executive Employment Agreement and "backdated the agreement to March 2020." Id. This agreement promoted plaintiff to president of Strike, changed the compensation provision, eliminated the commission component, and restructured the equity component of the agreement. Id. Plaintiff would be paid based on a new compensation package tied to Strike's gross income. Id. at 4-5.

In September 2022, plaintiff and Strike Advisory executed an Amended Executive Employment Agreement (the "Amended Agreement") which modified several terms of plaintiff's employment, including his compensation. Id. at 5. The new agreement tied plaintiff's compensation to Strike Advisory's gross income and EBITDA. Id.

In March 2023, Strike Advisory reached an EBITDA of 23% for the trailing twelve months. Id. at 6. Pursuant to the Amended Agreement, plaintiff was entitled to a salary increase to $300,000 after the company reached this benchmark. Id.

On April 3, 2023, plaintiff notified J. Cardella that plaintiff was entitled to a pay increase and attached supporting documentation to his email. Id. Defendants allegedly began fraudulently manipulating Strike Advisory's financial documents to make Strike Advisory appear less profitable and show that the company had not reached the metrics triggering plaintiff's pay increase. Id. at 6-7. In particular, defendants created a new expense category called "Litigation Reserves" to lower Strike Advisory's EBITDA. Id. at 7. On April 25, 2023, Strike Advisory also added J. Cardella to its payroll. Id. On May 1, 2023, S. Cardella instructed Strike Advisory's Chief of Staff to place J. Cardella on an annual salary of $200,000, which increased Strike Advisory's liability and lowered its EBITDA.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:23-cv-07459-CAS-SKx | Date | May 15, 2024 |
|---|---|---|---|
| Title | TYLER KEM V. STRIKE ADVISORY, LLC ET AL. | | |

On the same day, S. Cardella emailed plaintiff Strike Advisory's financial documents which showed that Strike Advisory's EBITDA had decreased to 10% for the trailing twelve months. Id. Plaintiff reviewed the financial documents and found that defendants had significantly overstated their income statement and unlawfully double counted partner referral fees. Id. He reported the overstatement of fees to defendants. Id.

On May 17, 2023, plaintiff again contacted defendants inquiring about his salary increase and reporting the unlawful double counting. Id. at 8. On March 18, 2023, J. Cardella responded to plaintiff's email saying he disagreed with plaintiff's analysis. Id. In this email to plaintiff, S. Cardella, and Strike Advisory's chief of staff, J. Cardella allegedly accused plaintiff of misrepresenting and fraudulently falsifying Strike Advisory's financials. Id. The parties subsequently exchanged a few additional emails. Id.

On May 23, 2023, Strike Advisory terminated plaintiff's employment effective immediately. Id.

Plaintiff now brings the instant action seeking damages and/or restitution for failure to pay commissions he was allegedly owed, failure to pay compensation owed under the Amended Agreement, benefit conferred upon and wrongfully retained by defendants, other associated damages and statutory penalties, as well as attorneys' fees. Compl. ¶¶ 52, 69, 81, 96, 99, 109, 115, 116, 150, 162.

### III.   LEGAL STANDARD

When a defendant moves to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of demonstrating that the court may properly exercise personal jurisdiction over the defendant. Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1154 (9th Cir. 2006). Where, as here, a court decides such a motion without an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss. Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995); Doe v. Unocal Corp., 27 F. Supp. 2d 1174, 1181 (C.D. Cal. 1998), aff'd, 248 F.3d 915 (9th Cir. 2001). Plaintiff's version of the facts is taken as true for purposes of the motion if not directly controverted, and conflicts between the parties' affidavits must be resolved in plaintiff's favor for purposes of deciding whether a prima facie case for personal jurisdiction exists. AT & T v. Compagnie Bruxelles

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:23-cv-07459-CAS-SKx | Date | May 15, 2024 |
|---|---|---|---|
| Title | TYLER KEM V. STRIKE ADVISORY, LLC ET AL. | | |

Lambert, 94 F.3d 586, 588 (9th Cir. 1996); Unocal, 27 F. Supp. 2d at 1181. If the defendant submits evidence controverting the allegations, however, the plaintiff may not rely on its pleadings, but must "come forward with facts, by affidavit or otherwise, supporting personal jurisdiction." Scott v. Breeland, 792 F.2d 925, 927 (9th Cir.1986) (quoting Amba Mktg. Servs., Inc. v. Jobar Int'l, Inc., 551 F.2d 784, 787 (9th Cir.1977)).

Generally, personal jurisdiction exists if (1) it is permitted by the forum state's long-arm statute and (2) the "exercise of that jurisdiction does not violate federal due process." Pebble Beach, 453 F.3d at 1154-55 (citing Fireman's Fund Ins. Co. v. Nat'l Bank of Coops., 103 F.3d 888, 893 (9th Cir. 1996). California's long-arm jurisdictional statute is coextensive with federal due process requirements, so that the jurisdictional analysis under state and federal law are the same. Cal. Civ. Proc. Code § 410.10; Roth v. Garcia Marquez, 942 F.2d 617, 620 (9th Cir. 1991). The Fourteenth Amendment's Due Process Clause requires that a defendant have "minimum contacts" with the forum state so that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). Depending on the nature of the contacts between the defendant and the forum state, personal jurisdiction is characterized as either general or specific.

A court has general jurisdiction over a nonresident defendant when that defendant's activities within the forum state are "substantial" or "continuous and systematic," even if the cause of action is "unrelated to the defendant's forum activities." Perkins v. Benguet Consol. Mining Co., 342 U.S. 437, 446-47 (1952); Data Disc, Inc. v. Sys. Tech. Assocs., Inc., 557 F.2d 1280, 1287 (9th Cir. 1977). The standard for establishing general jurisdiction is "fairly high" and requires that the defendant's contacts be substantial enough to approximate physical presence. Bancroft & Masters, Inc. v. Augusta Nat'l Inc., 223 F.3d 1082, 1086 (9th Cir. 2000). "Factors to be taken into consideration are whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there." Id. (finding no general jurisdiction when the corporation was not registered or licensed to do business in California, paid no taxes, maintained no bank accounts, and targeted no advertising toward California).

A court may assert specific jurisdiction over a claim for relief that arises out of a defendant's forum-related activities. Rano v. Sipa Press, Inc., 987 F.2d 580, 588 (9th Cir. 1993). The test for specific personal jurisdiction has three parts:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 2:23-cv-07459-CAS-SKx | Date | May 15, 2024 |
|---|---|---|---|
| Title | TYLER KEM V. STRIKE ADVISORY, LLC ET AL. | | |

(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

(2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and

(3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004) (citing Lake v. Lake, 817 F.2d 1416, 1421 (9th Cir. 1987)); see also Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475-76 (1985). The plaintiff bears the burden of satisfying the first two prongs, and must do so to establish specific jurisdiction. Schwarzenegger, 374 F.3d at 802.

If the plaintiff establishes the first two prongs, then it is the defendant's burden to "present a compelling case" that the third prong, reasonableness, has not been satisfied. Schwarzenegger, 374 F.3d at 802 (quoting Burger King, 471 U.S. at 477). The third prong requires the Court to balance seven factors: (1) the "extent of the defendant's purposeful injection into the forum"; (2) the burdens on defendant from litigating in the forum state; (3) the "extent of conflict with the sovereignty of the defendant's state," (4) the forum state's "interest in adjudicating the dispute"; (5) the "most efficient judicial resolution of the controversy"; (6) the "importance of the forum to the plaintiff's interest in convenient and effective relief"; and (7) the existence of an alternative forum. Ziegler v. Indian River County, 64 F.3d 470, 475 (9th Cir. 1995).

## IV. DISCUSSION

Seeing as neither party contends the Court has general jurisdiction over the Moving Defendants, the Court focuses on the question of specific jurisdiction. See MTD at 6-7; Opp. at 1. Where a plaintiff alleges more than one claim, "the court must have in personam jurisdiction over the defendant with respect to each claim." Data Disc. Inc. v. Sys. Tech. Assocs., Inc., 557 F.2d 1280, 1289 n.8 (9th Cir. 1977). The court begins with

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**         'O'

| Case No. | 2:23-cv-07459-CAS-SKx | Date | May 15, 2024 |
|---|---|---|---|
| Title | TYLER KEM V. STRIKE ADVISORY, LLC ET AL. | | |

the second prong of the specific jurisdiction analysis before proceeding to analyze the first and third prong.

    1.    <u>Claims Arise out of or Relate to Contacts</u>

In his complaint, plaintiff alleges that "[j]urisdiction . . . [is] proper in this Court because [d]efendants employed [p]laintiff in Ventura County, California[.]" Compl. ¶ 1. He specifically alleges that he "was employed by Defendant Strike Advisory *and* Defendant Ventive." <u>Id.</u> ¶ 3 (emphasis added). In his role, he "provided services and worked closely with both entities and their respective employees . . . [and] received his compensation for 2020 from Ventive." <u>Id.</u> ¶¶ 8-9. Plaintiff also alleges that, in a May 18, 2023 e-mail to plaintiff, Stiffler, and S. Cardella, J. Cardella, "knowingly made false and defamatory statements[] accusing [p]aintiff of misrepresenting and fraudulently falsifying Strike Advisory's financials." <u>Id.</u> ¶ 36.

The Moving Defendants argue that plaintiff "fails to establish how any of Ventive's or [] Cardella's alleged contacts are deriving from or connected with [plaintiff's] allegations." Mot. at 7. Ventive argues that it "lacks affiliation with the underlying controversy or connections with the forum state" because it "has no contacts whatsoever with California." Mot. at 7, 11 (capitalization omitted). It contends that "[t]he employment agreement in question is between [] [p]laintiff and [d]efendant Strike, [] *not* Ventive." <u>Id.</u> Ventive is allegedly "not a party to the employment agreement [and] is [n]ever mentioned within the four corners of the agreement." <u>Id.</u> Rather, Ventive is a "wholly separate Limited Liability Corporation, completely independent of Strike[.]" <u>Id.</u> at 8. Ventive asserts that any interaction between plaintiff and Ventive's employees is irrelevant because, for the purposes of a specific jurisdiction analysis, the alleged activities "must be directly related to [p]laintiff's claims[.]" <u>Id.</u> Regarding the 2020 payment, Ventive notes that it was reimbursed from Strike for a total of six payments that Ventive had made to plaintiff under a "business administrative arrangement," which took place as a part of an "arm's length transaction." <u>Id.</u> at 8-9.

In turn, Cardella argues that plaintiff does not allege any facts establishing that Cardella engaged in any activity or occurrence in California. Mot. at 9. He emphasizes that "any actions unrelated and unconnected to the underlying controversy that may have occurred in California[] cannot establish personal jurisdiction." <u>Id.</u> Here, the Moving

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:23-cv-07459-CAS-SKx | Date | May 15, 2024 |
|---|---|---|---|
| Title | TYLER KEM V. STRIKE ADVISORY, LLC ET AL. | | |

Defendants claim that plaintiff brings a single cause of action against Cardella for defamation.[1]  Id.

In opposition, plaintiff lists several alleged contacts between the Moving Defendants and California.  He alleges that Ventive and Cardella "visit[ed] California on a number of occasions on business directly related to Kem's employment[.]"  Opp. at 6.  Specifically, Cardella supposedly visited California fifteen times on behalf of Ventive and Strike Advisory, "at least five of which were to meet with Kem."  Id.  Ventive also allegedly paid Kem's salary, made 401k profit distributions to Kem, hired Stephen Comstock while Comstock resided in California, and assumed all of Strike Advisory's business expenses.  Id.  Plaintiff notes that "[d]efendants have failed to provide any evidence of Strike Advisory's contractual obligation to Ventive for Kem's salary payments."  Id. at 8.  He claims that there were "at least six Strike Advisory employee[s]] on Ventive's payroll."  Id.  In fact, Ventive allegedly issued Kem a W2 as a California resident in 2021 and 2021.  Id.  Plaintiff again asserts that Cardella "sent a defamatory e-mail to [p]laintiff in California, where he suffered harm."  Id. at 6.

Additionally, plaintiff appears to argue that Ventive is an alter ego of Strike Advisory.  He contends that both companies were founded, and are owned, by the Cardellas.  Opp. at 10.  Both companies allegedly "share office space, costs and resources such as software server space and AWS[,] . . . internal departments, . . . shareholders, directors, officers, executives[,] and even employees."  Id.

Plaintiff also argues that he has adequately pled joint employment.  He alleges that "Ventive and Strike Advisory were [his] joint employers . . . because Cardella exercised

---

[1] Plaintiff's complaint asserts the following claims against "all defendants": (1) breach of the implied covenant of good faith and fair dealing; (2) retaliation in violation of Labor Code § 1102.5; and (3) failure to timely pay final wages upon termination of employment and waiting penalties due to willful delay.  Compl. at 11, 16, 22.  At oral argument, plaintiff confirmed that he brings these claims against Cardella as well.  Accordingly, the Court proceeds to analyze whether it has personal jurisdiction to hear plaintiff's contract claims against Cardella as well as his tort claim for defamation against Cardella.  However, given that the Moving Defendants have only moved to dismiss for lack of personal jurisdiction, the Court does not assess whether the contract claims are in fact viable at this juncture.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:23-cv-07459-CAS-SKx | Date | May 15, 2024 |
|---|---|---|---|
| Title | TYLER KEM V. STRIKE ADVISORY, LLC ET AL. | | |

control over virtually all aspects of [plaintiff's] employment and often tasked Kem with [working for] Ventive." Opp. at 11. Kem was allegedly asked to "correspond[] with Ventive clients, investors[,] and partners . . . on [Cardella's] behalf from [Cardella's] email account." Id. He was also directed to "facilitate the growth of both Strike Advisory and Ventive" and "supervised and managed [] Ventive's software development team to built [s]oftware." Id. at 11-12.

Plaintiff argues that, "but for [d]efendants' contact with California, Kem would not have suffered the harm he suffered." Opp. at 13. Specifically, "both Strike Advisory and Ventive failed to pay Kem his fair compensation in California, thereby giving rise to Kem's claims and harm." Id.

In reply, the Moving Defendants argue that plaintiff "fails to establish how any of [d]efendants' alleged contacts are related to his [c]omplaint and only provides instances of unconnected activities, in an attempt to 'see what sticks.'" Reply at 4. They contend that none of the alleged contacts (visits to California, the establishment of a 401K for Kem, hiring Comstock, and payment of Strike Advisory's business expenses) are directly connected to the underlying controversy i.e., "the employment contract between Strike and Plaintiff, the contract provision that provides for Kem's salary increase contingent on Strike's performance . . . , and Kem's termination from Strike." Id.

Regarding the visits to California, Cardella notes that he only visited California on three occasions and, moreover, such visits have no connection to the defamation claim alleged against him. Id. at 5. Ventive argues that such visits are unrelated to the underlying controversy because plaintiff's salary "was contingent upon Strike's strong financial performance only." Id. Regarding the 401K and salary payments, Ventive argues that "any money that Ventive paid on behalf of Strike was pursuant to [a Promissory Note and a Debt Consolidation Agreement], [and] was paid back by Strike." Id. The amounts paid were also "minimal[] and do not reflect [p]laintiff's entire salary for 2020 or 2021, as Strike began directly paying [p]laintiff[] independent of Ventive." Id. at 6. Regarding the hiring of Comstock, the Moving Defendants assert that such hiring has no connection to plaintiff's allegations. Id. Finally, Ventive claims that it "never assum[ed] Strike liabilities as alleged by [p]laintiff" but rather executed an arm's length Debt Consolidation Agreement whereby Ventive loaned Strike money to pay off expenses. Id. at 6-7.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:23-cv-07459-CAS-SKx | Date | May 15, 2024 |
|---|---|---|---|
| Title | TYLER KEM V. STRIKE ADVISORY, LLC ET AL. | | |

Regarding alter ego liability, the Moving Defendants argue that "[a]lter [e]go is a liability theory, not a test to establish [p]ersonal [j]urisdiction." Reply at 7. Rather, the focus must be on the defendant's relationship to the forum state. Ventive also clarifies that it is distinct from Strike. "Strike's primary business [] is accounting [and] consulting on the R & D tax credit [whereas] Ventive is a Software Development company." Id. Strike is allegedly a client of Ventive and "at times would purchase services from Ventive . . . [which] were billed and paid for by Strike." Id. The Moving Defendants note that there would be no inequitable result if they were dismissed because "Strike, the [d]efendant who contracted with [p]laintiff, would be left litigating the suit." Id.

Regarding joint employment, the Moving Defendants similarly argue that "joint employment is not a personal jurisdiction theory." Reply at 8 (capitalization omitted). Ventive also disputes that plaintiff was tasked with corresponding with Ventive clients or directed to facilitate growth of Strike *and* Ventive. Id. It again emphasizes that plaintiff "has never been employed by Ventive" and "has never personally held himself out" as such. Id. Any supervision of Strike's employees and/or meetings with Strike investors was done in plaintiff's capacity as Strike's president, not as a manager of Ventive staff. Id. at 8-9.

For specific jurisdiction to exist over Ventive and Cardella, plaintiff's claims must "arise[] out of or relate[] to the defendant's forum-related activities." Axiom Foods, Inc. v. Acerchem Int'l, Inc., 874 F.3d 1064, 1068 (9th Cir. 2017). "[A]n injury arising out of a defendant's forum contacts requires 'but for' causation, in which a direct nexus exists between a defendant's contacts with the forum state and the cause of action." Briskin v. Shopify, Inc., 87 F.4th 404, 413 (9th Cir. 2023). An injury may "relate[] to" a defendant's contacts with the forum state if there is a "strong, direct connection between the defendant's forum-related activities and the plaintiff's claims." Id. at 414.

Here, it appears that plaintiff alleges the following contacts between Ventive and California: (1) an employment relationship between Ventive and plaintiff (under either an alter ego or joint employment theory); (2) payment of Kem's salary in 2020; (3) 401K distributions to Kem; (4) visits to California by Cardella on behalf of Ventive; (5) hiring of Comstock, a California resident; and (6) assumption of Strike Advisory's business expenses. Plaintiff appears to impute the first four contacts to Cardella as well and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:23-cv-07459-CAS-SKx | Date | May 15, 2024 |
|---|---|---|---|
| Title | TYLER KEM V. STRIKE ADVISORY, LLC ET AL. | | |

further alleges that Cardella's May 18, 2023, email constitutes a contact with California.[2] See, e.g., Opp. at 2 ("Cardella controlled and operated both Strike Advisory and Ventive.").

The Court finds that the following contacts clearly bear causal relationships with plaintiff's claims against Ventive: (1) the alleged employment relationship between Ventive/Cardella and plaintiff, (2) Ventive's alleged payment of Kem's salary in 2020, and (3) Ventive's alleged 401K distributions to Kem. The Court additionally finds that the following contacts clearly bear causal relationships with plaintiff's contract claims against Cardella: (1) the alleged employment relationship between Ventive/Cardella and plaintiff; and (2) Cardella's visits to California to meet with Kem. Finally, the Court finds that the May 18, 2023, email is relevant to plaintiff's defamation claim against Cardella. Thus, these contacts are relevant to the purposeful availment/direction prong of the specific jurisdiction analysis, which the Court proceeds to analyze below.

    2.    <u>Purposeful Availment or Direction</u>

Under the first prong of the specific jurisdiction analysis, plaintiff must establish that defendants "either purposefully availed [themselves] of the privilege of conducting activities in California, or purposefully directed [their] activities toward California." Schwarzenegger, 374 F.3d at 802. Courts have interpreted "purposeful availment" and "purposeful direction" as distinct concepts. Purposeful direction analysis is generally used for claims sounding in tort, while purposeful availment analysis is used for claims sounding in contract. Picot v. Weston, 780 F.3d 1206, 1212 (9th Cir. 2015). Here, plaintiff raises several claims sounding in contract and one tort claim for defamation against Cardella. The Court proceeds to analyze plaintiff's contract claims under the

---

[2] At the hearing, defendants argued that Cardella's conduct does not give rise to individual contract liability because he was at all times acting on behalf of Ventive and/or Strike Advisory. However, "[a]n individual's status as an employee acting on behalf of his or her employer does not insulate the individual from personal jurisdiction based on his or her forum contacts." Epic Commc'ns, Inc. v. Richwave Tech., Inc., 179 Cal. App. 4th 314, 330 (2009). Accordingly, at this juncture, the Court analyzes whether Cardella's forum contacts give rise to personal jurisdiction without determining whether Cardella is individually liable for actions he took on behalf of Ventive and/or Strike Advisory.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:23-cv-07459-CAS-SKx | Date | May 15, 2024 |
| Title | TYLER KEM V. STRIKE ADVISORY, LLC ET AL. | | |

purposeful availment test and plaintiff's defamation claim under the purposeful direction test.

          a.     *Contract Claims against Ventive and Cardella*

When evaluating purposeful availment, courts look at "a defendant's 'entire course of dealing' with the forum state—'not solely the particular contract or tortious conduct giving rise to [a plaintiff's] claim.'" Davis v. Cranfield Aerospace Sols., Ltd., 71 F.4th 1154, 1163 (9th Cir. 2023) (quoting Glob. Commodities Trading Grp., Inc. v. Beneficio de Arroz Choloma, S.A., 972 F.3d 1101, 1108 (9th Cir. 2020)). Because a contract is "ordinarily but an intermediate step serving to tie up prior business negotiations with future consequences which themselves are the real object of the business transaction," a court must evaluate four factors to determine whether purposeful availment has occurred: (1) prior negotiations, (2) contemplated future consequences, (3) the terms of the contract, and (4) the parties' actual course of dealing. Burger King, 471 U.S. at 478–79, 105 S.Ct. 2174.

The Court finds that these factors weigh in favor of finding that Ventive and Cardella purposefully availed themselves of the privilege of conducting business in California. In terms of prior negotiations, Strike Advisory and plaintiff agreed in March 2020 that plaintiff would shift from merely providing tax credit consulting services to "become an employee of Strike Advisory." Compl. ¶¶ 4-5. Plaintiff furthers allege that, at this point in time, he became jointly employed by both Strike Advisory *and Ventive* because the two companies shared common ownership, management, directors, officers, and executives. Id. ¶ 8. Plaintiff further argues that Cardella "controlled and operated both Strike Advisory and Ventive" and therefore "exerted much control over Kem." Opp. at 2. Throughout the negotiation of the employment relationship, defendants appeared to contemplate that plaintiff would be employed in, and provide services from, California. See Compl. ¶ 3 (alleging that "[p]laintiff was employed by [d]efendant Strike Advisory and [d]efendant Ventive in Ventura[,] California from March 2020 through May 2023"). While there is no express contract between Ventive, Cardella, and plaintiff, the parties' actual course of dealing shows that plaintiff "received his compensation for 2020 from Ventive" and also received 401K distributions from Ventive. Id. ¶ 9; Opp. at 6. Further, plaintiff notes that he performed various services on behalf of Ventive, including "corresponding with Ventive clients, investors[,] and partners," and meeting with at least one investor in California "to convince the investor to invest in Ventive and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:23-cv-07459-CAS-SKx | Date | May 15, 2024 |
|---|---|---|---|
| Title | TYLER KEM V. STRIKE ADVISORY, LLC ET AL. | | |

Strike Advisory." Id. at 11.  Cardella also allegedly "visited California . . . at least five [times] to meet with Kem" on behalf of Ventive and Strike Advisory.  Opp. at 6.  Together, these facts suggest that Ventive and Cardella employed plaintiff as a California-based employee to provide services from California and, in doing so, purposefully availed themselves of California's protections and benefits.  See Mewawalla v. Middleman, 601 F. Supp. 3d 574, 595 (N.D. Cal. 2022) (finding that an out-of-state defendant purposefully availed itself of California's protections and benefits by hiring a plaintiff because of his California connections with the knowledge that he would be based in California).

            b.     *Defamation Claim against Cardella*

Courts in the Ninth Circuit analyze purposeful direction under the three-part "effects test" from the Supreme Court's opinion in Calder v. Jones, 465 U.S. 783, 787–89, (1984); Schwarzenegger, 374 F.3d at 803.  "Under this test, the defendant allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state."  Brayton Purcell, 606 F.3d at 1128 (internal quotation marks and citation omitted) abrogated on other grounds as recognized by Axiom Foods, Inc. v. Acerchem Int'l, Inc., 874 F.3d 1064, 1069 (9th Cir. 2017).

Cardella argues that plaintiff "has failed to establish how [] Cardella's alleged defamatory statements were intentionally and expressly aimed at the forum state in order to cause harm."  Mot. at 12.  Plaintiff's defamation claim is premised on a May 18, 2023, email that Cardella sent to plaintiff, Sara Cardella, and Yung Stiller as a part of a pre-existing email chain.  Id. (citing Compl. ¶¶ 36, 133).  Cardella contends that this email cannot be construed as an intentional act aimed at California because he was simply responding to emails with no intention of causing harm in the forum state.  Id. at 12-13.  Additionally, any alleged harm would have its effects felt outside of California because, other than plaintiff, all other participants in the email string are "at home" in the state of Idaho.  Id.  In other words, the publication was not made to anybody in California such that no harm was suffered in California.

In opposition, plaintiff argues that Cardella satisfies the purposeful direction test for tortious conduct by "intentionally sen[ding] [a] defamatory e-mail to Kem, knowing that the harm suffered by [p]laintiff would be [in] California."  Opp. at 12.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'

| Case No. | 2:23-cv-07459-CAS-SKx | Date | May 15, 2024 |
|---|---|---|---|
| Title | TYLER KEM V. STRIKE ADVISORY, LLC ET AL. | | |

In reply, Cardella argues that his alleged defamatory statement fails to establish personal jurisdiction because he lacked any intent to expressly cause harm in the forum state. He also argues that, regardless, such statements fall under the qualified privilege theory of defamation because they were made "in the discharge of [a] private duty." Reply at 9. Specifically, plaintiff and Cardella were discussing the common interest of Strike Advisory's financial status, which allegedly "fall[s] squarely within the qualified privilege" for "[c]ommunications made in a commercial setting relating to the conduct of an employee." Id.

The Court finds that Cardella's May 18, 2023, reply email to plaintiff, S. Cardella, and Yung Stiller was not purposefully directed towards California. The Supreme Court has held that, in the context of libel, courts "examine[] the various contacts the defendants ha[ve] created with California (and not just with the plaintiff) by writing the allegedly libelous [publication]." Walden v. Fiore, 571 U.S. 277, 287 (2014). The focus is on whether "the reputation-based 'effects' of the alleged libel connect[s] the defendants to California, not just to the plaintiff." Id. In Walden, the Supreme Court discussed its earlier opinion in Calder v. Jones, 465 U.S. 783 (1984), which dealt with a libel suit in California based on an article written and edited by Florida defendants for publication in a newspaper with a California circulation of roughly 600,000 people. Walden, 571 U.S. at 287. The Supreme Court noted that, in Calder, personal jurisdiction was proper because the "reputational injury caused by the defendants' story would not have occurred but for the fact that the defendants wrote an article for publication in California *that was read by a large number of California citizens*." Id. at 287-88 (emphasis added). It further noted that, "because publication to third persons is a necessary element of libel, . . . the defendants' intentional tort actually occurred in California." Id.

Here, Cardella's email was not circulated to any California citizens other than plaintiff. To the extent the email is defamatory, the alleged tort actually occurred in Idaho where all the third persons who were copied on the email (S. Cardella and Yung Stiller) were residing. Thus, the email did not cause reputational "effects" that connected Cardella's conduct to California i.e., it did not cause an "injury to the plaintiff's reputation in the estimation of the *California* public." [3] See Walden, 571 U.S. at 288

---

[3] At the hearing, plaintiff argued that he suffered reputational effects in California because defendants terminated his employment shortly after the allegedly defamatory email was sent. However, any reputational harm that plaintiff may have suffered as a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-07459-CAS-SKx | Date | May 15, 2024 |
| Title | TYLER KEM V. STRIKE ADVISORY, LLC ET AL. | | |

(emphasis added). While plaintiff argues that he "received Cardella's email and was harmed[] while in California," Opp. at 1, the Supreme Court has "made clear that mere injury to a forum resident is not a sufficient connection to the forum." Walden, 571 U.S. at 291.

    3.    Reasonableness

Given that the Court has determined that Cardella did not purposefully direct his conduct towards California by sending the allegedly defamatory email, the Court only proceeds to analyze the reasonableness of personal jurisdiction over plaintiff's contract claims against Ventive and Cardella.

The Moving Defendants argue that the exercise of jurisdiction is unreasonable because they "were not involved in [plaintiff's] affairs." Mot. at 13. Ventive contends that it is a "complete and separate entity that was not involved with [p]laintiff's employment with Strike." Id. Moreover, Cardella allegedly "had no interactions with the forum state in relation to" plaintiff's defamation claim against Cardella. The Moving Defendants also claim that they will be disproportionately burdened by the exercise of jurisdiction in California because they "currently reside[s] in Idaho and would need to travel to California . . . for adjudication of this matter." Id. at 14. They argue that judicial efficiency weighs in its favor as well for the same reason. Id. Finally, they assert that California has no interest in a matter "brought by a California resident against a corporation and an individual that are at home in Idaho [with] no connection to [p]laintiff's claims for [] alleged breach of contract." Id.

In opposition, plaintiff argues that the exercise of jurisdiction is presumed reasonable because he has established that the Moving Defendants have minimum contacts with California. Opp. at 13. He contends that Strike has not challenged personal jurisdiction, and it would therefore be "most efficient to hear the claims against all [d]efendants in a single forum, rather than requiring the parties to litigate multiple cases

---

result of his termination does not constitute a reputational effect *of the alleged libel*. Nor could it, given that no publication was ever made to any California citizen other than plaintiff. Accordingly, plaintiff's subsequent termination does not support a finding that Cardella purposefully directed his conduct at California.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:23-cv-07459-CAS-SKx | Date | May 15, 2024 |
|---|---|---|---|
| Title | TYLER KEM V. STRIKE ADVISORY, LLC ET AL. | | |

in separate jurisdictions." Id. Additionally, he asserts that "California has a fundamental interest in protecting its employees' rights from employer's unlawful conduct." Id. at 14.

In reply, Ventive again argues that "the [e]mployment agreement at the heart of [p]laintiff's [c]omplaint *does not involve Ventive*, as they are not a signatory to the agreement and never employed [p]laintiff." Reply at 11.

The Court finds that the exercise of personal jurisdiction over plaintiff's contract claims against Ventive and Cardella is reasonable. As previously discussed, plaintiff has sufficiently alleged that the Moving Defendants hired him as a California-based employee, and that he provided services to Ventive from California. In doing so, the Moving Defendants purposefully availed themselves of the privilege of conducting business in California. Additionally, any concerns about the burden of defending this action in California are mitigated by the fact that Strike Advisory will continue to defend this case in California. Given the alleged overlap in officers and employees between Strike and Ventive (including Cardella), it seems likely that many of the relevant witnesses will have to travel to California regardless of whether Ventive and Cardella remains in the case. Maintaining jurisdiction over Ventive and Cardella would facilitate the most efficient resolution of this action.

### B.  Pendent Jurisdiction

As discussed above, the Court has personal jurisdiction over plaintiff's contract claims against Cardella. However, where a plaintiff alleges more than one claim, "the court must have in personam jurisdiction over the defendant with respect to each claim." Data Disc. Inc., 557 F.2d at 1289 n.8. The Ninth Circuit "ha[s] explicitly adopted the concept of pendent personal jurisdiction." CE Distribution, LLC v. New Sensor Corp., 380 F.3d 1107, 1113 (9th Cir. 2004). "[U]nder the doctrine of pendent personal jurisdiction, a defendant may be required to defend a 'claim for which there is no independent basis of personal jurisdiction so long as it arises out of a common nucleus of operative facts with a claim in the same suit over which the court does have personal jurisdiction.' " Id. (quoting Action Embroidery v. Atlantic Embroidery, 368 F.3d 1174, 1180 (9th Cir. 2004).

Here, plaintiff's defamation claim against Cardella arises from the same nucleus of operative fact as his contract claims against Cardella. Namely, the allegedly defamatory email was sent as part of a dispute between the parties regarding whether plaintiff was

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'

| Case No. | 2:23-cv-07459-CAS-SKx | Date | May 15, 2024 |
|---|---|---|---|
| Title | TYLER KEM V. STRIKE ADVISORY, LLC ET AL. | | |

entitled to certain monetary compensation under his employment agreement. This dispute ultimately resulted in defendants terminating plaintiff's employment. Accordingly, the Court exercises its discretion to assert pendent jurisdiction over plaintiff's defamation claim against Cardella.

**V. CONCLUSION**

In accordance with the foregoing, the Court **DENIES** the Moving Defendants' motion to dismiss for lack of personal jurisdiction.

IT IS SO ORDERED.

                                                           00 : 00
                                     Initials of Preparer      CMJ